[No. 1615.]

THE MUTUAL LIFE INSURANCE CO. OF NEW YORK v.
LEWIS.

PRINCIPAL AND AGENT—INSURANCE COMPANIES—EVIDENCE.

Where an insurance company filed with the superintendent of insurance a statement designating a general agent and certifying that he had power to appoint and remove local and special agents, and the general agent filed a certified list of agents appointed by him, in an action by one of the agents appointed by the general agent against the company for compensation for services, the officers of the company will not be permitted to contradict the record certificates by testifying that subagents did not represent the company but were employed by the general agent on his own account. The general agent had full power to employ the subagent and bind the company for his compensation, and the company was liable to the subagent notwithstanding the contract of employment appeared as if made with the general agent personally.

*Appeal from the District Court of Arapahoe County.*

Mr. JOHN S. MACBETH, for appellant.

Mr. W. HENRY SMITH, for appellee.

THOMSON, J.

This suit was brought by John H. Lewis against the Mutual Life Insurance Company of New York to recover a balance, to which he claimed to be entitled, for services rendered by him as special agent of the defendant. The complaint sets forth a written contract, under which it is alleged the services were rendered, and which is as follows:

"DENVER, COLO., February 17, 1893.

"It is mutually agreed between John L. Stearns, general agent of the Mutual Life Insurance Company of New York, and Mr. J. H. Lewis, that the latter shall act as special agent for this company under the schedule of commission attached,

and that he shall receive a guarantee of $200 per month for one year from date, said guarantee to be deducted from commission earnings. It is further agreed that all traveling expenses for business done outside of Denver by said J. H. Lewis shall be borne by said J. L. Stearns. The following is the schedule of compensation referred to above."

Here follows the schedule mentioned, below which are the signatures, " John L. Stearns, General Agent. John H. Lewis."

There was a demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The demurrer was sustained, and the plaintiff brought the case here by writ of error. The contention of the defendant was that on its face the writing was the contract of Stearns, and not of the defendant. We reversed the judgment, holding that the contract was so framed that evidence *aliunde* was admissible to show that Stearns had authority from the defendant to execute the writing in its behalf; and that in making the contract he did in fact act as its agent. *Lewis v. Life Ins. Co.*, 8 Colo. App. 368. Upon a retrial of the cause in the lower court, judgment was rendered in favor of the plaintiff for the amount of his claim. From this judgment the defendant appeals.

In February, 1893, there were filed in the office of the superintendent of insurance of the state of Colorado two documents, of which the following are copies:

" To the Superintendent of Insurance of the State of Colorado:

" This is to certify, that The Mutual Life Insurance Company of New York, in the State of New York, has appointed and duly authorized John L. Stearns, whose principal office or place of business is at 404 Boston Bldg., Denver, in the State of Colorado, General Agent of said Company, with full power and authority to appoint and remove all Local, Special or Soliciting Agents for said Company in the State of Colo-

rado; and all such appointments shall be as valid and binding as if made directly by the officers of said Company.

"Witness our hands and the seal of said Company, hereunto attached, at the city of New York, this twenty-fourth day of February, 1893.

"ISAAC F. LLOYD,
"Second Vice President.

" [Seal.]          W. J. EASTON,
"Secretary."

"To the Superintendent of Insurance of the State of Colorado:

"This is to certify, that the persons named in the following schedule have been duly appointed Agents for the transaction of the business of Life Insurance in the State of Colorado, during the Insurance year ending on the last day of February, 1893, for the Mutual Life Insurance Company of New York, in the State of Colorado, so far as they may be legally empowered by their Letters of Appointment, Powers of Attorney, and the instructions which may be given to them by the said Company.

"Witness my hand at the city of Denver, the twenty-eighth day of February, 1893.

" [Sign officially.]          JOHN L. STEARNS,
"General Agent."

Among the agents named in the schedule above mentioned was the plaintiff, John H. Lewis.

The defendant's auditor and second vice president testified in its behalf that subagents, employed by a general agent, did not represent the company, but were the mere personal appointees of the general agent, and that if Stearns employed special agents he employed them on his own account, and had no authority to bind the defendant for their compensation. The testimony of those witnesses would seem to be contradictory of the certificate which the defendant furnished the superintendent of insurance, and which was signed by its second vice president, one of the witnesses.

By the terms of that writing Stearns, as the general agent of the defendant, possessed full power and authority to appoint special agents, not for himself but for the company, his appointments to be as valid and binding upon the company as if made directly by its officers. Therefore when Stearns employed the plaintiff to act as special agent for the defendant, he only exercised an authority which was distinctly and explicitly conferred, and that the purpose of the contract between Stearns and the plaintiff was to create between the defendant and the plaintiff the relationship of principal and agent, abundantly appears from the certificate which Stearns himself filed with the superintendent of insurance.

Although from the contract alone, we would not regard ourselves as warranted in saying that, in executing it, Stearns was acting for the company; yet his own certificate, and that of the defendant, show very clearly that he was so acting, and that he had the requisite authority to so act.

The learned counsel of the defendant concedes that the filing of certificates, such as these, with the superintendent of insurance, was necessary, under the statute, to enable the defendant to transact business in this state; but he undertakes to draw a distinction between the effect of the certificates upon the obligations of the company to third persons, on account of the acts of its special agent, and its obligations to the special agent himself. The position, as we understand it, is, that while, by virtue of the plaintiff's appointment, in effecting contracts of insurance he was the company's agent with full authority to bind it, the company is, notwithstanding, at liberty to say, in a controversy between him and it, that by virtue of some private regulations of its own, he was not its agent at all. No such distinction is deducible from the language of either of the certificates, or of the contract between Stearns and the plaintiff; no knowledge of it was traced to the plaintiff. and, upon the evidence, the court was amply justified in saying that it was unwarranted.

But when we consider the purpose for which the certifi-

cates were filed,—the object which was sought, and which was attained, by their filing,—we do not think it competent to the defendant to prove facts inconsistent with their terms. They were official statements, solemnly made for the purpose of compliance with the law, in order to secure an advantage to the defendant; and, when filed, they became public records. It is a conclusive presumption that they meant exactly what they said. Public policy requires that the defendant shall abide by the record it has made.

Stearns had the power from the company to appoint agents to represent it. In making appointments, he acted for the company, and bound the company. His appointees were the servants of the company, and the company, acting through him, was their employer. The power to appoint, in the absence of limitations upon its terms, includes the power to fix compensation. The contract with the plaintiff was in conformity with the authority with which Stearns was clothed; the amount due was undisputed, and the judgment will be affirmed.

*Affirmed*